### WOARMS *et al. v.* BAUER.

#### (*City Court of New York, General Term.* October 31, 1889.)

PARTNERSHIP—ACTIONS—PARTIES—EXECUTORS OF DECEASED PARTNER.

The members of a firm agreed, in their articles of copartnership, that, if a certain partner should die before the expiration of the stipulated term of partnership, his interest should survive to his personal representatives, by whom, with the other partners, the business should be continued. The partner in question, by his will, directed his executors to carry out the partnership agreement. *Held,* that defendant, in an action for a firm debt, could not object that the deceased partner's executors were improperly joined as plaintiffs.

Appeal from trial term.

Action by Albert L. Woarms and others against Moritz Bauer. The com-
plaint alleged that between the 15th day of August, 1888, and the 15th day
of October, 1888, David S. Hess, Charles T. Parks, Louis J. Lesser, and Al-
bert L. Woarms were copartners doing business in the city of New York
under the firm name and style of D. S. Hess & Co., and as such copart-
ners, during the period aforesaid, performed work, labor, and services for,
and furnished materials to, the defendant, at his special instance and request,
in decorating the interior of his dwelling-house. That the reasonable value
of such interior decorations was $566.33. That thereafter, and before the
commencement of this action, the aforesaid Charles T. Parks retired from said
firm, and assigned all his right, title, and interest in and to the aforesaid claim
to David S. Hess, Louis J. Lesser, and Albert L. Woarms, continuing to do
business as copartners under the firm name and style of D. S. Hess & Co.
That, by virtue of the articles of copartnership between the persons last
named, it was mutually agreed between them that, in the event of the demise
of the aforesaid David S. Hess before the expiration of the stipulated term of
partnership, his interest as a partner in said firm of D. S. Hess & Co. should
survive and accrue to and be continued by his personal representatives, and
said business should be continued by said Louis J. Lesser and Albert L.
Woarms and the said representatives of said David S. Hess as copartners;
and that thereafter, before the expiration of said stipulated term of partner-
ship, and before the commencement of this action, said David S. Hess died,
leaving a will, by which Albert L. Woarms, Martin S. Fechheimer, and Sarah
Hess—above named as plaintiffs herein—were appointed executors thereof,
and were directed to carry out the provisions of the copartnership articles
aforesaid of the firm of D. S. Hess & Co. That on the 11th day of March,
1889, said will was duly proved and admitted to probate in the office of the
surrogate of the county of New York, and letters testamentary thereupon
were thereafter duly issued and granted by the surrogate of said county to
the above-named Albert L. Woarms, Martin S. Fechheimer, and Sarah Hess
as executors; and that they thereupon duly qualified as such executors, and
entered upon the discharge of the duties of their said office, and carried out
the aforesaid provisions of the copartnership articles of the firm of D. S. Hess

& Co., as directed by the will. The defendants interposed a denial, which was waived at the trial, and they relied upon the objection reserved by the answer that there was a misjoinder of parties plaintiff, in this: that the action ought to have been brought by the surviving members of the old firm, without joining the executors of the deceased member thereof. The action was submitted to the trial justice on the pleadings, (conceding the allegations of the complaint to be true,) to the end that the plea of misjoinder might be determined as the only issue in the case. The trial judge directed judgment in favor of the plaintiffs, and the defendant appeals.

Argued before McAdam, C. J., and Ehrlich and Holme, JJ.

*Donohue, Newcombe & Cardozo*, for appellant. *M. A. Lesser*, for respondents.

Per Curiam. We are aware of the rule that the surviving partners succeed primarily to all the rights and interests of the partnership; that they have entire control of all the partnership property, and the sole right to collect the partnership debts, to the exclusion of the personal representatives of the deceased member. The complaint, however, alleges reasons why that rule is inapplicable. The copartnership articles provided that if, during their continuance, David S. Hess died, his interest in the firm should accrue to and be continued by his personal representatives; that he did die during the continuance of the copartnership; and that his personal representatives, *i. e.*, his executors, pursuant to the provisions of said articles and of his will, agreed to and did continue the partnership business. Such a partnership arrangement does not violate the statute in regard to the use of firm names, (Laws 1886, c. 262;) nor is it illegal, so far as the defendant, a mere debtor of the firm, is concerned. The parties in interest admit and assert the validity of the arrangement by which the surviving partners and executors are made joint owners of the claim in suit, and no one interested in the estate of the deceased partner seems to object to it. The defendant has no power to question its validity in defense to an action for a debt in which the surviving partners are before the court, sustaining it. How far the estate of the deceased partner might have repudiated it (*Stewart* v. *Robinson*, 22 N. E. Rep. 160) need not be inquired into now. It follows that the judgment must be affirmed, with costs. All concur.